UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS SUMLIN, *On Behalf Of Himself And All Other Persons Similarly Situated*,

                    Plaintiff,

-against-

NEW & LINGWOOD USA, INC.,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   1/15/26

1:25-cv-716-MKV

ORDER DENYING MOTION
FOR DEFAULT JUDGMENT

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Dennis Sumlin brings this action, pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, alleging that Defendant New & Lingwood USA, Inc. denies visually impaired people from having full and equal access to its website [ECF No. 1 ("Compl.")].  After the Court issued two Orders To Show Cause why this case should not be dismissed for failure to prosecute [ECF Nos. 7, 9], Plaintiff filed a motion for a default judgment [ECF No. 14].  That motion is DENIED for lack of proper service.

      Shortly after filing the complaint in this case, Plaintiff filed an affidavit of service which states that a process server served the summons and complaint "on **The First State Registered Agent Company**, who is designated by law to accept service of process on behalf of **New & Lingwood USA, Inc.** at **1925 Lovering Avenue, Wilmington, DE 19806**" [ECF No. 5 (the "Affidavit of Service" or "Aff.") (emphasis in original); *accord* ECF No. 14-2].  The Affidavit of Service further states that the "**documents were received by person authorized to accept service, Denise Martell.**"  Aff. at 1.  The Affidavit of Service does not state that Ms. Martell represented that she was authorized to accept service on behalf of Defendant.  Rather, the Affidavit of Service states that her "identity [was] confirmed by [her] reaching for docs."  *Id*.

1

In his motion for a default judgment, Plaintiff simply asserts that "[t]he Summons and Complaint were served on Defendant . . . by service upon the Registered Agent, Denise Martell," citing the Affidavit of Aervice [ECF 14 ("Mot.") ¶ 8; *see* ECF No. 14-2 ("Proposed Judgment") (proposing that the Court rule that Defendant was "properly served")]. Plaintiff does not offer any argument for the proposition that service was proper under the Federal Rules of Civil Procedure or Delaware law.

To be sure, Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure permits service on a corporation through an "agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). However, a process server must have a reasonable basis to believe that the supposed agent is authorized to accept service on behalf of the corporation. *See Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). Here, Plaintiff offers no explanation or support whatsoever for the process server's assertion that an entity called "The First State Registered Agent Company" was authorized "by law" to accept service on behalf of Defendant. Aff. at 1. Indeed, according to the Affidavit of Service, Ms. Martell never represented that she had authority to accept service on behalf of Defendant beyond her "reaching for docs." *Id.* Courts in this Circuit have ruled that similarly conclusory and unsupported affidavits of service are insufficient to establish proper service. *See, e.g.*, *Baity v. Kralik*, 51 F. Supp. 3d 414, 430 (S.D.N.Y. 2014); *Valle v. GDT Enters., Inc.*, 2020 WL 435295, at *4 (E.D.N.Y. Jan. 28, 2020); *Richards v. New York State Dep't of Corr. Servs.*, 572 F. Supp. 1168, 1173 (S.D.N.Y. 1983) ("To demonstrate an agency relationship, something more than mere acceptance of service by a purported agent must be shown.").

Plaintiff represents that he also served notice of his motion for a default judgment by mail to The First State Registered Agent Company [ECF No. 15]. The Court notes that, according to

2

the Complaint, Defendant has a "physical store located at 970 Lexington Avenue #1, New York, NY 10021." Compl. ¶ 37. There are no allegations in the Complaint about Defendant's principal place of business, however. In light of Plaintiff's total failure to offer any support for the propriety of service on what appears to be a private company in Delaware, his motion for a default judgment is DENIED without prejudice.

**Plaintiff and his counsel remain on notice that failure to comply with court orders, the Federal Rules, the Local Rules, and this Court's Individual Rules, and to diligently and properly prosecute this case, may result in sanctions, including: monetary penalties on counsel and Plaintiff; preclusion of claims, evidence, and motion practice; and dismissal for failure to prosecute**.

The Clerk of Court respectfully is requested to terminate the motion pending at docket entries 14.

**SO ORDERED.**

**Date:  January 15, 2026**             _____
**New York, NY**                         **MARY KAY VYSKOCIL**
                                             **United States District Judge**